IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RAYMOND HOLMES,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-03-M-DLC-KLD<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On January 8, 2020, Petitioner Raymond Homes filed this action under 28 U.S.C. § 2254. (Doc. 1.) Holmes is a state prisoner proceeding pro se.

I.      **Motion to Proceed in Forma Pauperis**

Mr. Holmes has moved the Court to proceed in forma pauperis. After reviewing the motion and supporting account statement, it appears Holmes has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

II.     **Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondents to file an answer or any other pleading. The petition must be

1

summarily dismissed, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." *Id.*

### III. Background

In August of 2015, in Montana's Fourth Judicial District, Mineral County, the State and Holmes entered into a plea agreement which encompassed three criminal cases. Holmes admitted violating a prior suspended sentence for two 1987 felony burglary convictions and also pled guilty to multiple violations of an order of protection and to felony bail-jumping. Holmes was sentenced to the Montana State Prison for fifty years, with all but twenty years and fifty days suspended. (Doc. 1 at 3); see also, *State v. Holmes*, 2019 MT 94N, Or. at 2 (Mont. April 23, 2019).[1] As part of the sentence, the district court agreed to recommend that Holmes be eligible for the Nexus drug treatment program and to suspend the remainder of Holmes' sentence upon successful completion of the program.

Although Holmes did not complete the Nexus program, he did successfully complete a comparable chemical dependency program. Holmes filed a prior

---

[1] All state court orders and briefing available at: https://appecm.mt.gov/PerceptiveJUDDocket/ (accessed January 15, 2020).

habeas petition with this Court arguing that because he completed a treatment program, the remainder of his sentence should be suspended. Holmes asked this Court to order the State of Montana to amend his written judgment and immediately release him from custody. See, *Holmes v. Salmonsen*, No. CV 18-08-M-DLC-JCL, Pet. (filed Jan. 31, 2018). Holmes' petition was ultimately dismissed because his claim was unexhausted and not cognizable in federal habeas. See, *Holmes v. Salmonsen*, No. CV 18-08-M-DLC-JCL, Or. (D. Mont. May 4, 2018).

Holmes subsequently sought and received sentencing relief in the Montana Supreme Court. *Holmes v. Guyer*, OP 19-0459, Or. (Mont. Nov. 12, 2019) (granting habeas petition in part and remanding to district court with instructions to issue an amended judgment).

### IV. Holmes' Allegation

In the instant petition, Holmes alleges that he was "kidnapped" when he was extradited from Washington state on a purportedly illegal 1988 bench warrant and, accordingly, that the Montana state district court subject matter lacked jurisdiction over his criminal cases. (Doc. 1 at 4, ¶ 13(A)(i)). Holmes explains he did not raise this issue earlier, because he just recently obtained a copy of the warrant and upon review realized the warrant "was for the state of Montana, not Washington." *Id.* at 5, ¶ 13(A)(iv). Holmes claims he would have "shown up" in Montana once he left prison in Washington. *Id.*

3

## V. Analysis

Although it appears Holmes' claim may be barred on procedural and/or statutory grounds, it is clear he is not entitled to relief on the merits of his claim. Accordingly, it is more efficient to proceed to the merits. See, 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997); *Gutierrez v. Griggs*, 695 F. 2d 1195, 1198 (9th Cir. 1983).

A federal habeas petition must fairly allege that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Holmes' assertion that his allegedly unlawful extradition deprived Montana of jurisdiction to try him on the charges for which he was extradited is without merit. Even if Holmes' extradition was unlawful, Montana state courts would not have been deprived of jurisdiction to prosecute Holmes for crimes committed in Montana. *Lascelles v. Georgia*, 148 U.S. 537, 544 (1893) ("The jurisdiction of the court…is not impaired by the matter in which the accused is brought before it."); see also, *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) ("This Court has never departed from the rule ... that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' "). Therefore, Holmes' unlawful extradition claim cannot be used in a federal habeas action to invalidate his conviction. The appropriate forum to challenge an alleged unlawful extradition, if

at all, is in an action brought pursuant to 42 U.S.C. § 1983. *Harden v. Pataki,* 320 F.3d 1289, 1300 (11th Cir.2003). Holmes' claim should be denied.

## VI. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Holmes alleges that he was illegally extradited from Washington and that the Montana state district court lacked jurisdiction to preside over his case. But, even assuming for the sake of argument that there was some irregularity in Holmes' transfer to Montana, his subsequent conviction is not vulnerable to challenge in federal court on that basis. He has not made a substantial showing that he was deprived of a federal constitutional right and there is no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

5

## ORDER

Mr. Holmes' Motion to Proceed in Forma Pauperis is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Mr. Holmes' Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Holmes may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Holmes must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 16th day of January, 2020.

Kathleen L. DeSoto
United States Magistrate Judge